IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EIDOS DISPLAY, LLC AND<br>EIDOS III, LLC,<br><br>                     Plaintiffs,<br><br>v.<br><br>AU OPTRONICS CORPORATION;<br>AU OPTRONICS CORPORATION AMERICA;<br>CHI MEI INNOLUX CORPORATION;<br>CHI MEI OPTOELECTRONICS USA, INC.;<br>CHUNGHWA PICTURE TUBES, LTD;<br>HANNSTAR DISPLAY CORPORATION; AND<br>HANNSPREE NORTH AMERICA, INC.<br><br>                     Defendants. | Civil Action No. 6:11-cv-201<br><br>DEMAND FOR TRIAL BY JURY |

## COMPLAINT FOR PATENT INFRINGEMENT

Eidos Display, LLC ("Eidos Display") and Eidos III, LLC ("Eidos III") (collectively "Eidos") for their Complaint against Defendants AU Optronics Corporation; AU Optronics Corporation America; Chi Mei Innolux Corporation; Chi Mei Optoelectronics USA, Inc.; Chunghwa Picture Tubes, Ltd.; HannStar Display Corporation; and Hannspree North America, Inc. (collectively the "Defendants") for injunctive and declaratory relief and for damages, including increased damages, for patent infringement, state and allege as follows:

## NATURE OF THE ACTION

1.    Eidos Display is the owner of United States Patent No. 5,879,958 ("the '958 Patent" or the "Patent-in-Suit").

2.    Eidos III manages the licensing and enforcement program for the '958 Patent.

3. This is a civil action for the infringement of the Patent-in-Suit, including the willful infringement of the Patent-in-Suit by Defendants.

4. In general, the technology at issue describes an improved method of producing Liquid Crystal Display ("LCD") products that reduces the number of photolithographic steps and thereby improves yield and decreases manufacturing costs. LCDs are a type of flat panel display that are incorporated into a multitude of products including cell phones, GPS devices, laptop computers, tablet computers, computer monitors, and televisions.

## THE PARTIES

5. Plaintiff Eidos Display is a Delaware corporation, having its principal place of business at 1069 Thomas Jefferson Street, N.W., Washington, D.C. 20007.

6. Plaintiff Eidos III is a Delaware corporation, having its principal place of business at 1069 Thomas Jefferson Street, N.W., Washington, D.C. 20007.

7. Defendant AU Optronics Corporation ("AUO") is a Taiwanese corporation, having its principal place of business at 1, Li-Hsin Rd., II, Science-Based Industrial Park, Hsinchu City 30077 Taiwan, ROC. AUO manufactures LCD products in Taiwan and China and, directs those products to the United States, including Texas, through established distribution channels involving various third parties, knowing that these third parties will use their respective nationwide contacts and distribution channels to import into, sell, offer for sale, and use these products in Texas and elsewhere in the United States.

8. Defendant AU Optronics Corporation America a/k/a AU Optronics America, Inc. ("AUO America") is a domestic subsidiary of AUO that directly and indirectly imports into, sells, and offers for sale its products in Texas and elsewhere in the United States. AUO America is a California corporation, having its principal place of business at 9720 Cypresswood Drive,

Houston, Texas 77070-3355.  AUO America markets and sells AUO's products throughout the United States.

9. Defendant Chi Mei Innolux Corporation ("CMI") is a Taiwanese corporation, having its principal place of business at No. 160, Kesyue Road, Jhunan Science Park, Miaoli County 350, TAIWAN 74147, R.O.C.  CMI manufactures LCD products in Taiwan and China and, directs those products to the United States, including Texas, through established distribution channels involving various third parties, knowing that these third parties will use their respective nationwide contacts and distribution channels to import into, sell, offer for sale, and use these products in Texas and elsewhere in the United States.

10. Defendant Chi Mei Optoelectronics USA, Inc. ("Chi Mei USA") is a domestic subsidiary of CMI that directly and indirectly imports into, sells, and offers for sale its products in Texas and elsewhere in the United States.  Chi Mei USA is a Delaware corporation, having its principal place of business at 101 Metro Drive Suite 510, San Jose, California 95110.  Chi Mei USA markets and sells CMI's products throughout the United States.

11. Defendant Chunghwa Picture Tubes, Ltd. ("CPT") is a Taiwanese corporation, having its principal place of business at No. 1127, Ho-ping Road, Tanan, Pahte, Taoyuan, Taiwan.  CPT manufactures LCD products in Taiwan and China and, directs those products to the United States, including Texas, through established distribution channels involving various third parties, knowing that these third parties will use their respective nationwide contacts and distribution channels to import into, sell, offer for sale, and use these products in Texas and elsewhere in the United States.

12. Defendant HannStar Display Corporation ("HSD") is a Taiwanese corporation, having its principal place of business at 12th Floor, No. 480, Rueiguang Road, Neihu, Taipei 114,

Taiwan, ROC. HSD manufactures LCD products in Taiwan and China and, directs those products to the United States, including Texas, through established distribution channels involving various third parties, knowing that these third parties will use their respective nationwide contacts and distribution channels to import into, sell, offer for sale, and use these products in Texas and elsewhere in the United States.

13. Defendant Hannspree North America, Inc. ("Hannspree") is a domestic subsidiary of HSD that directly and indirectly imports into, sells, and offers for sale its products in Texas and elsewhere in the United States. Hannspree is a Delaware corporation, having its principal place of business at 14450 Myford Road, Suite 100, Irvine, CA 92606. Hannspree markets and sells HSD's products throughout the United States.

## JURISDICTION AND VENUE

14. This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of the Patent-in-Suit.

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Defendants have transacted and continue to transact business in the United States and in this judicial district by: using or causing to be used; making or causing to be made; importing or causing to be imported; offering to sell or causing to be offered for sale; and selling or causing to be sold directly, through intermediaries and as an intermediary, a variety of products that infringe the Patent-in-Suit to customers in the United States, including customers in this judicial district, and Defendants will continue to do so unless enjoined by this Court.

17.     This Court has personal jurisdiction over AUO, CMI, CPT, and HSD, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and (d), and 28 U.S.C. § 1400(b), in that these Defendants are committing and are causing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary, and in that these Defendants have caused and cause injury and damages in this judicial district by acts or omissions outside of this judicial district, including but not limited to utilization of their own distribution channels established in the United States and AUO America's, Chi Mei USA's, and Hannspree's distribution channels in the United States, as set forth below, to ship a variety of products that infringe the Patent-in-Suit into the United States and into this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

18.     This Court has personal jurisdiction over AUO America, Chi Mei USA, and Hannspree, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c), and 28 U.S.C. § 1400(b), in that these Defendants are committing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary.  AUO America, Chi Mei USA, and Hannspree regularly import large quantities of AUO, CMI, and HSD LCD products into the United States for distribution throughout the United States, including in this judicial district.  AUO America, Chi Mei USA, and Hannspree are involved in the distribution of infringing LCD products and are aware that their products are sold throughout the United States, including in Texas.  The established distribution networks of these Defendants consist of national distributors and resellers, and these Defendants distribute to national retailers

that have stores located in Texas.  By shipping into, offering to sell in, using, or selling products that infringe the Patent-in-Suit in this judicial district, or by inducing or causing those acts to occur, these Defendants have transacted and transact business and perform works and services in this judicial district, have contracted and contract to supply services and things in this judicial district, have caused and cause injury and damages in this judicial district by acts and omissions in this judicial district, and have caused and cause injury and damages in this judicial district by acts or omissions outside of this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

## THE PATENT-IN-SUIT

19.     On March 9, 1999, the '958 Patent, entitled "Method of Producing an Electro-Optical Device," was duly and legally issued.  Eidos Display is the owner by assignment of all rights, title, and interest in and to the '958 Patent.  A copy of the '958 Patent is attached as Exhibit A.

20.     Eidos III manages the licensing and enforcement program for the '958 Patent and possesses the right to sue and to recover for infringement of the Patent-in-Suit.

21.     Defendants have been and are infringing and inducing infringement of the Patent-in-Suit because they at least use, cause to be used, make, cause to be made, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and cause to be sold in this judicial district and elsewhere in the United States products that infringe the Patent-in-Suit.

## FACTUAL BACKGROUND

22.     Eidos has invested substantial time and money in researching, acquiring, marketing, and licensing the technology that is embodied in the Patent-in Suit.

23. Eidos' interests in the exploitation of its patented technology in the United States and abroad have been and continue to be harmed by the Defendants' infringement of the Patent-in-Suit.

24. The Defendants at least use, cause to be used, make, cause to be made, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and cause to be sold in the United States and in this judicial district LCDs and LCD products that are encompassed by and made by a method claimed in the Patent-in-Suit.

25. The Defendants have induced and continue to induce the infringement of the Patent-in-Suit in the United States and in this judicial district.

26. Defendants maintain and develop relationships with business partners, including, for example, suppliers and customers, to promote and encourage the import, offering for sale, sale and use of its infringing visual display products in the United States and in this judicial district.

27. Defendants actively sell to and solicit business from customers and distributors located in the United States and in this judicial district. Defendants coordinate with these and other third parties concerning the designs, specifications, distribution and placement of orders regarding such LCDs and LCD products destined for the U.S. market.

28. Defendants also communicate with third parties to promote and encourage the use, sale, importation and offering for sale of these same LCDs and LCD products in and into the United States and this judicial district.

29. Defendants have relationships with third parties to develop and supply the U.S. market with such LCDs and LCD products.

30.     Defendants communicate and meet with third parties about their LCDs and LCD products and these communications and meetings facilitate the sale, offer for sale and distribution of Defendants' LCDs and LCD products to customers and users in the United States and in this judicial district.

**COUNT I**
**PATENT INFRINGEMENT OF THE '958 PATENT BY AUO AND AUO AMERICA**

31.     The allegations in the foregoing paragraphs 1-30 of this Complaint are incorporated by reference herein as if restated and set forth in full.

32.     Defendants AUO and AUO America (hereinafter collectively the "AUO Defendants") have infringed, and induced infringement of the '958 Patent by using, causing to be used, making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and causing to be sold products that are made by a method that infringes a claim of the '958 Patent in this judicial district and elsewhere in the United States.

33.     The products made by the infringing method that are used, caused to be used, imported, caused to be imported, offered for sale, caused to be offered for sale, sold, and caused to be sold by the AUO Defendants meet each and every limitation of a claim of the '958 Patent, either literally or equivalently.

34.     Eidos has been and will continue to be injured by the AUO Defendants' past and continuing infringement of the '958 Patent and is without adequate remedy at law.

35.     The AUO Defendants are infringing the '958 Patent with knowledge of Eidos' patent rights and without a reasonable basis for believing their conduct is lawful.  The AUO Defendants' infringement is willful and deliberate, and will continue unless enjoined by this

Court, making this an exceptional case and entitling Eidos to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II
## PATENT INFRINGEMENT OF THE '958 PATENT BY CMI AND CHI MEI USA

36. The allegations in the foregoing paragraphs 1-30 of this Complaint are incorporated by reference herein as if restated and set forth in full.

37. Defendants CMI and Chi Mei USA (hereinafter collectively the "CMI Defendants") have infringed, and induced infringement of the '958 Patent by using, causing to be used, making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and causing to be sold products that are made by a method that infringes a claim of the '958 Patent in this judicial district and elsewhere in the United States.

38. The products made by the infringing method that are used, caused to be used, imported, caused to be imported, offered for sale, caused to be offered for sale, sold, and caused to be sold by the CMI Defendants meet each and every limitation of a claim of the '958 Patent, either literally or equivalently.

39. Eidos has been and will continue to be injured by the CMI Defendants' past and continuing infringement of the '958 Patent and is without adequate remedy at law.

40. The CMI Defendants are infringing the '958 Patent with knowledge of Eidos' patent rights and without a reasonable basis for believing its conduct is lawful. The CMI Defendants' infringement is willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Eidos to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III
## PATENT INFRINGEMENT OF THE '958 PATENT BY CPT

41. The allegations in the foregoing paragraphs 1-30 of this Complaint are incorporated by reference herein as if restated and set forth in full.

42. Defendant CPT has infringed, and induced infringement of the '958 Patent by using, causing to be used, making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and causing to be sold products that are made by a method that infringes a claim of the '958 Patent in this judicial district and elsewhere in the United States.

43. The products made by the infringing method that are used, caused to be used, imported, caused to be imported, offered for sale, caused to be offered for sale, sold, and caused to be sold by Defendant CPT meet each and every limitation of a claim of the '958 Patent, either literally or equivalently.

44. Eidos has been and will continue to be injured by Defendant CPT's past and continuing infringement of the '958 Patent and is without adequate remedy at law.

45. Defendant CPT is infringing the '958 Patent with knowledge of Eidos' patent rights and without a reasonable basis for believing its conduct is lawful. Defendant CPT's infringement is willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Eidos to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV
## PATENT INFRINGEMENT OF THE '958 PATENT BY HSD AND HANNSPREE

46. The allegations in the foregoing paragraphs 1-30 of this Complaint are incorporated by reference herein as if restated and set forth in full.

Case 6:11-cv-00201-LED Document 1 Filed 04/25/11 Page 11 of 13

47. Defendants HSD and Hannspree (hereinafter collectively the "HSD Defendants") have infringed, and induced infringement of the '958 Patent by using, causing to be used, making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and causing to be sold products that are made by a method that infringes a claim of the '958 Patent in this judicial district and elsewhere in the United States.

48. The products made by the infringing method that are used, caused to be used, imported, caused to be imported, offered for sale, caused to be offered for sale, sold, and caused to be sold by the HSD Defendants meet each and every limitation of a claim of the '958 Patent, either literally or equivalently.

49. Eidos has been and will continue to be injured by the HSD Defendants' past and continuing infringement of the '958 Patent and is without adequate remedy at law.

50. The HSD Defendants are infringing the '958 Patent with knowledge of Eidos' patent rights and without a reasonable basis for believing its conduct is lawful. The HSD Defendants' infringement is willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Eidos to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Eidos prays for judgment as follows:

A. That AUO, AUO America, CMI, Chi Mei USA, CPT, HSD, and Hannspree have infringed the Patent-in-Suit;

B. That AUO's, AUO America's, CMI's, Chi Mei USA's, CPT's, HSD's, and Hannspree's infringement of the Patent-in-Suit has been willful;

C. That AUO, AUO America, CMI, Chi Mei USA, CPT, HSD, and Hannspree and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and selling products that infringe, and from inducing the infringement of the '958 Patent, prior to its expiration, including any extensions;

D. That AUO, AUO America, CMI, Chi Mei USA, CPT, HSD, and Hannspree and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to Eidos all products that infringe the Patent-in-Suit for destruction at Eidos' option;

E. That Eidos be awarded monetary relief adequate to compensate Eidos for AUO's, AUO America's, CMI's, Chi Mei USA's, CPT's, HSD's, and Hannspree's acts of infringement of the Patent-in-Suit within the United States prior to the expiration of the Patent-in-Suit, including any extensions;

F. That any monetary relief awarded to Eidos regarding the infringement of the Patent-in-Suit by Defendants be increased due to the willful nature of AUO's, AUO America's, CMI's, Chi Mei USA's, CPT's, HSD's, and Hannspree's infringement of the Patent-in-Suit;

G. That any monetary relief awarded to Eidos be awarded with prejudgment interest;

H. That this is an exceptional case and that Eidos be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

I. That Eidos be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of any and all issues triable of right by a jury.

Dated: April 25, 2011

Respectfully submitted,

 */s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

Gaspare J. Bono
R. Tyler Goodwyn, IV
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

ATTORNEYS FOR PLAINTIFFS EIDOS
DISPLAY, LLC AND EIDOS III, LLC