IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| EIDOS DISPLAY, LLC, *et al.*, | § | |
| --- | --- | --- |
| Plaintiffs, | § | |
| v. | § | No. 6:11-cv-00201-JRG-JDL |
| AU OPTRONICS CORPORATION, et al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Chi Mei Innolux Corporation, Chi Mei Optoelectronics USA, Inc., Chunghwa Picture Tubes, Ltd., Hannstar Display Corporation, and Hannspree North America, Inc.'s (collectively "Defendants") Motion to Join Stairway Capital Management II, L.P. ("Stairway"). (Doc. No. 601.) Plaintiffs Eidos Display, LLC and Eidos III, LLC ("Eidos") filed a response. (Doc. No. 605.) Having fully considered the parties' arguments and for the reasons set forth herein, the Court **DENIES** Defendants' Motion to Join Stairway without prejudice.

## BACKGROUND

The dispute between the parties relevant to this motion stems from a loan agreement between Eidos and Stairway. In November 2010, Eidos borrowed $25,000,000.00 from Stairway to fund the legal fees and costs associated with enforcing certain patents, including the '958 Patent. (Doc. No. 589, Ex. C at 2.) In connection with this loan, Eidos granted Stairway a security interest in the '958 Patent. *Id.* For additional security, Eidos also secured an insurance policy from Ironshore Specialty Ins. Co. ("Ironshore") in the amount of $25,000,000.00. *Id.* The Ironshore Policy identifies Eidos as the Insured and names Stairway as the Loss Payee. *Id.* The

1

Policy contains an arbitration clause, requiring the parties to first mediate before an arbitration tribunal to resolve any disputes. *Id.*

In October 2013, Ironshore submitted a Demand for Arbitration and Statement of Claim with American Arbitration Association ("Arbitration"). *Id.* at 3. Eidos responded by sending Ironshore a Notice of Loss under the Policy. *Id.* In November 2013, Ironshore filed a petition to compel arbitration against Eidos in the United States District Court for the Southern District of New York. *Id.* That court granted the petition. *Id.* Arbitration before a Tribunal began, and the process of paper and electronic discovery were initiated. *Id.* Hearing before the Tribunal was set in September 2016. *Id.* at 5.

In December 2015, Stairway learned that Eidos had settled with one of the defendants, AU Optronics Corporation, in this District. *Id.* Stairway immediately filed an application for a temporary restraining order with the Tribunal seeking information regarding the settlement and to enjoin the distribution of any settlement proceeds. *Id.* at 5-6. On December 17, 2015, the Tribunal granted the temporary restraining order. *Id.* at 6.

On December 16, 2015, Stairway wrote to the Defendants and expressly warned them that any "disbursement by any defendant in [this litigation] without Stairway's prior written consent may subject such defendant to liability for the full amount of such disbursement" and that "any purported release given by Eidos to any defendant…without notice to or Stairway's written consent, is null and void." (Doc. No. 557, Ex. A at 1.)

Defendants first learned of Stairway's loan to Eidos during a deposition of Eidos's Rule 30(b)(6) witness in July, 2013. (Doc. 346, at 3.) Since that time, Defendants have engaged in a protracted dispute with Eidos to obtain relevant documents regarding Stairway's loan, including a motion to compel discovery and for sanctions, and issued subpoenas to Stairway. *Id.* at 3-4.

2

On January 8, 2016, the parties entered a stipulation to resolve this dispute. (Doc. No. 567.) Under this stipulation, Defendants agreed to limit the existing subpoena to Stairway to request and obtain only five categories of documents, including documents relating to Eidos's settlement authority in this litigation and any impact of Stairway's asserted lien rights on that authority. *Id.* at 5. The stipulation also provided that Stairway would initially produce documents to Eidos's counsel, subject to review for privilege and confidentiality designation before producing to Defendants. *Id.* at 6. Defendants provided a copy of the stipulation and this Court's order to Stairway, and Stairway served its written objections and responses, but agreed to produce the relevant documents. (Doc No. 586, Ex. B-D.)

In the meantime, on January 29, 2016, the Tribunal granted injunctive and other relief, ordering Eidos to deposit any and all settlement proceeds with a third party escrow agent, provide Stairway and Ironshore with information concerning the settlement, and take affirmative steps to disclose to Stairway and Ironshore all future settlement offers, demands and other information concerning the monetization of the asserted patent. (Doc. No. 589, Ex.C at 6.)

On February 4, 2016, Eidos filed for bankruptcy, and requested this Court to stay the case. (Doc. No. 582.) After initially denying Eidos's request, this Court stayed the case pending Eidos's bankruptcy proceedings. (Doc. Nos. 590) On July 27, 2016, in response to Eidos's motion, the bankruptcy court dismissed the bankruptcy. (Doc. No. 592, Ex. A.)

At the September 14, 2016 status conference, the Court lifted the stay and initially considered an order to join Stairway in an effort to move the case forward, focus on the merits and streamline the case for a trial. (Doc. No. 599, at 19:14-18.) Defendants voiced their concern that they would still need the documents Stairway produced to Eidos to fully understand Stairway's rights to the '958 Patent, and for which Defendants had filed a motion to compel,

3

even if Stairway were to be added to this case. *Id.* at 30:15-31:10. Upon further consideration and to avoid any further delay, the Court ultimately decided to reevaluate the Stairway joinder issue and set a deadline in an amended Docket Control Order for Defendants to file a motion for joinder. *Id.* at 37:21-25; Doc. No. 597. Defendants filed this motion to join Stairway on September 21, 2016. (Doc. No. 601.)

Defendants move to join Stairway as a necessary and indispensable party under Rule 19, arguing that Stairway has claimed an interest in the '958 Patent, and Eidos lacks any settlement authority in this litigation. Fed. R. Civ. P. 19; Doc. No. 601, at 2. Eidos opposes the motion and takes the position that it has standing to sue and has the sole authority to settle all claims. (Doc. No. 605, at 6.)

## LEGAL STANDARD

Rule 19(a) governs whether a person is a necessary party. Rule 19(a) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1).

A patent "is, in effect, a bundle of rights which may be divided and assigned, or retained in whole or part." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991). Although all the various rights available under the patent are initially held

4

by one or more named inventors, the rights may, through licensing agreements and assignments, become separated and held by multiple individuals. *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.,* 604 F.3d 1354, 1360 (Fed.Cir.2010)

Parties that hold exclusionary rights and interests in a patent have constitutional standing to sue infringers. *See Morrow v. Microsoft Corp.,* 499 F.3d 1332, 1339 (Fed.Cir.2007). If a party possesses all substantial patent rights, then it also has prudential standing to sue infringers without joinder of others who suffer a legal injury from infringement and possess certain other patent rights. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed.Cir.2000).

A party cannot cure constitutional standing defects after it files suit, but may cure prudential standing defects after it files suit. *See id* at 1348*; IpVenture, Inc. v. ProStar Computer, Inc.*, 503 F.3d 1324, 1326–27 (Fed.Cir.2007); *Morrow*, 499 F.3d at 1344. If a party has constitutional standing but lacks prudential standing, the Court proceeds under Rule 19 to determine if joinder of the parties with the remaining ownership interests in the patent is warranted. *See Intellectual Property Dev.*, *Inc. v. TCI Cablevision of Cal., Inc.,* 248 F.3d 1333, 1340 (Fed. Cir. 2001). In other words, a party lacking prudential standing generally must sue as a co-plaintiff with other parties who suffer a legal injury from infringement and possess rights to the patent. *See id.*; *Morrow*, 499 F.3d at 1344.

The nature of Rule 19 requires a court to make "highly practical, fact-based decisions" when it applies the rule. *See Pulitzer–Polster v. Pulitzer,* 784 F.2d 1305, 1309 (5th Cir.1986). In such an analysis, courts seek to maximize effective relief with the minimal expenditure of judicial energy. *Gentry v. Smith,* 487 F.2d 571, 579–80 (5th Cir.1973). If the court determines a non-party is required, Rule 19(a)(2) provides the mechanism by which a required non-party may be joined: "If a person has not been joined as required, the court must order that the person be

made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed.R.Civ.P. 19(a)(2).

A court can, however, only join parties with constitutional standing to bring the patent infringement action. Fed. R. Civ. P. 19(a); *see Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031, 1034 (Fed.Cir.1995) (holding that nonexclusive licensee did not have standing to join suit alongside patentee, as licensee suffered no legal injury from infringement and "[t]o have co-plaintiff standing in an infringement suit, a licensee must hold some of the proprietary sticks from the bundle of patent rights, albeit a lesser share of rights in the patent than for an assignment and standing to sue"); *Sicom Sys., Ltd. v. Agilient Techs., Inc.*, 427 F.3d 971, 976 (Fed.Cir.2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even join a suit with the patentee because the nonexclusive licensee suffers no legal injury from infringement.").

**DISCUSSION**

As a preliminary matter, Defendants' motion to join Stairway is brought pursuant to Fed.R.Civ.P 19. (Doc. No. 601, at 6, 7.) No underlying issues concerning Eidos's standing or right to sue are presented. Nonetheless, in moving to join Stairway under Rule 19, Defendants are implicitly asserting that Eidos lacks prudential standing. Thus, the central question before the Court is whether joinder of Stairway is necessary to satisfy prudential standing concerns because patent owner Eidos transferred away sufficient rights in the '958 Patent to Stairway, precluding Eidos from bringing suit without Stairway as co-plaintiff. *See Morrow*, 499 F.3d at 1340; *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1349 (Fed. Cir. 2016).

Defendants argue that Stairway is a necessary and indispensable party because Stairway claims an interest in the '958 Patent and in this litigation. (Doc. No. 601, at 7.) Defendants

6

contend that Eidos has not provided any information to refute Stairway's claim that: (1) Defendants' disbursement, if any, without Stairway's prior written consent may subject them to liability for the full amount of the disbursement in this litigation, (2) Eidos's release, if any, to the Defendants, without notice to or Stairway's written consent, is null and void and is without prejudice to Stairway's rights, and (3) Stairway reserves the right to maintain that any settlement is invalid because Stairway has not received notice of any settlement, as required under the applicable loan documents. *Id.*

Furthermore, Defendants assert that Eidos conceded its inability to engage in meaningful settlement discussions until its dispute with Stairway is resolved in the arbitration proceeding. *Id.* Defendants argue that Eidos filed for bankruptcy to resolve concerns regarding Eidos's standing and Stairway's claims, but then moved to dismiss the bankruptcy without resolving those concerns. *Id.* Defendants further argue that litigating this case without Stairway will subject Defendants to multiple, inconsistent obligations. *Id.* at 8.

Finally, Defendants argue that there are no procedural or jurisdictional bars in joining Stairway. *Id.* Defendants assert that Stairway is a Delaware limited partnership with a principal place of business in New York and is subject to service of process. *Id.* Patent infringement claims at issue in this case constitute federal questions within the purview of this Court's subject matter jurisdiction. *Id.* Defendants further contend that joining Stairway should not raise personal jurisdiction issues because Stairway has purposefully directed its activities towards this District by sending letters through its legal counsel. *Id.* Stairway has also claimed an interest in the outcome of this litigation by asserting a claim to the proceeds from this litigation. *Id.*

Eidos argues that Defendants have not shown a basis for relief under Rule 19. (Doc. No. 605, at 4.) Eidos asserts that Defendants have not showed that they face a substantial risk of

7

exposure to duplicative claims or liabilities for infringing the '958 Patent. *Id.* at 5. Citing the Loan and Security Agreement entered into between Eidos and Stairway, Eidos argues that it has standing to sue and has the sole authority to settle all claims. *Id.* Eidos further asserts that Stairway does not have standing or legal authority to assert, and has never, asserted any patent claims against the Defendants. *Id.* Without this authority, Eidos argues that Defendants cannot be subject to additional claims from Stairway and face no risk of multiple or inconsistent obligations. *Id.* Eidos further argues that Stairway's asserted lien rights do not implicate Eidos's authority to settle, but instead relate only to how the proceeds are distributed after any settlement or recoveries. *Id.* at 6.

The Federal Circuit has identified three general categories of plaintiffs when analyzing the standing issue in patent infringement suits: (i) those who can sue in their own name; (ii) those who can sue as long as the patent owner is joined in the suit, and (iii) those that cannot even participate as a party in an infringement suit. *Morrow*, 499 F.3d at 1339. The first category of plaintiffs holds all rights—the entire bundle of sticks, or all substantial rights to the patent. *Id.* at 1339-40. The second category of plaintiffs holds exclusionary rights and interests, but not all substantial rights to the patents. *Id.* at 1340. The third category of plaintiffs holds less than all substantial rights and lack exclusionary rights under the patent statute. *Id.*

Here, Stairway's security interest does not pose a joinder issue because there is no showing that Stairway has sufficient rights to the '958 Patent to join as a party under Rule 19— the third category of plaintiffs identified above. In other words, there is no showing that Stairway holds sufficient proprietary sticks from the bundle of patent rights to have co-plaintiff standing in an infringement suit. *Ortho Pharm*, 52 F.3d at 1031, 1034. The Court declines to join

8

Stairway for the additional reason that the time is not ripe because Eidos's settlement authority is not an imminent concern.

First, this dispute surrounding Stairway's security interest in the '958 Patent does not present itself as a typical joinder issue. In general, courts are confronted with cases in which a patent licensee sues an accused infringer, and the court must decide whether the licensee has been granted rights sufficient to confer standing. *See, e.g., Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336 (Fed. Cir. 2006); *Prima Tek II*, 222 F.3d 1372; *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128 (Fed. Cir. 1995); *Independent Wireless Telegraph Co. v. Radio Corp. of Am.,* 269 U.S. 459 (1926). This case presents a converse scenario in which Defendants are challenging patent owner Eidos's right to sue on its own, requiring the Court to determine whether Eidos has transferred away sufficient rights to Stairway to divest Eidos of the right to sue without joining Stairway.

Stairway's rights at issue here is a purported security interest in the '958 Patent. Holding a security interest in a patent without more does not generally pose a joinder issue because a security interest in and of itself does not ordinarily create ownership rights in the patent. *See City Bank & Trust Co. v. Otto Fabric, Inc.*, 83 B.R. 780, 782 (D. Kan. 1988) ("[G]rant of a security interest [in a patent] need not include the conveyance of title or ownership rights."); *In re Transp. Design & Tech., Inc.*, 48 B.R. 635, 639 (Bankr. S.D. Cal. 1985) ("[G]rant of a security interest is not a conveyance of a present ownership right in the patent, . . . ."); *Holt v. United States*, No. 1976-72, 1973 WL 614, at *3 (D.D.C. Aug. 23, 1973) ("[Defendant] did not convey title in the patent application; it only granted a security interest."). It is usually the patentee—party to whom the patent was issued or the successors in title to the patentee—that is allowed to bring an infringement suit under the Patent Act. 35 U.S.C. § 281; *see also Propat Int'l Corp. v.*

*Rpost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007) ("[P]rovisions of the Patent Act have been interpreted to require that a suit for infringement of patent rights ordinarily be brought by a party holding legal title to the patent."); *Prima Tek II*, 222 F.3d at 1381 ("Standing to sue for infringement depends entirely on the putative plaintiff's proprietary interest in the patent . . . .").

Furthermore, Stairway's interests must include one or more other critical rights for joinder such as the right to sue. *See, e.g., Luminara*, 814 F.3d at 1350 (Fed. Cir. 2016) ("Because one purpose of the joinder requirement is to protect the alleged infringer from multiple lawsuits, the transfer of the right to sue for infringement is critical"); *Mann Found.*, 604 F.3d at 1361 (explaining that right to sue is frequently "the most important consideration"); *Aspex Eyewear,* 434 F.3d at 1342 (describing right to sue as "[a] key factor"). Just owning title to the patent may not be substantial enough to join a party. *Luminara*, 814 F.3d at 1351 (holding that patent owner's rights to patent title, responsibility to pay maintenance fees to keep the patents in force, a financial interest in litigation and licensing, and a right to notice of litigation and licensing activities are not substantial enough, either individually or cumulatively, to preclude licensee from bringing suit in its own name).

Some other rights to consider are the ability to freely license or sublicense the patent. *See id.* at 1350 ("[I]f the patentee has retained the right to freely license the patent, it stands to lose substantial rights if the claims are held invalid or the patent held unenforceable," and thus must be joined with licensee to bring suit); *Mann Found.*, 604 F.3d at 1360-61 (listing some of the other rights to consider when analyzing joinder such as the right to sublicense).

Here, other than a purported security interest in the '958 Patent, there is no showing that Stairway's rights in the '958 Patent include, among other things, any right to sue, license, or sublicense the '958 Patent. *Luminara*, 814 F.3d at 1350; *Mann Found.*, 604 F.3d at 1360-61.

Additionally, Defendants' sole basis for joinder is whether Eidos has the authority to fully and finally settle this case. However, this issue is not ripe for resolution because Eidos's settlement authority is not an imminent concern. Defendants do not represent that this case is on the cusp of a settlement resulting in a need to determine the parameters of settlement authority. Should Eidos and Defendants have a settlement framework in place that is precluded by the relationship between Stairway and Eidos, Defendants may at that time seek a judicial declaration as to the rights of the settling parties.[1] Until such time, Eidos and Defendants should work on the substantive merits of this litigation as well as whether a settlement can be achieved between the parties actively engaged in this litigation.

For the aforementioned reasons, the Court **DENIES** Defendants' Motion to Join Stairway (Doc. No. 601) without prejudice to refiling if the issue becomes ripe for resolution upon proposed settlement or proposed entry of final judgment.

**So ORDERED and SIGNED this 10th day of November, 2016.**

_JOHN D. LOVE_
UNITED STATES MAGISTRATE JUDGE

---

[1] The rights in any recovery could also become ripe for determination should Eidos obtain a judgment in this case.