IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EIDOS DISPLAY, LLC, and<br>EIDOS III, LLC<br><br>Plaintiffs,<br><br>v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ No. 6:11cv201 JRG-JDL<br>§<br>§ JURY DEMANDED<br>§<br>§<br>§ |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On March 29, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") (Dkt. No. 711) denying the following motions: Defendant Chi Mei Innolux's and Chi Mei Optoelectronics USA, Inc.'s ("Innolux") Motion for Summary Judgment of No Indirect Infringement (Dkt. No. 669); Defendant HannStar Display Corporation's ("HannStar") Motion for Summary Judgment of No Induced Infringement (Dkt. No. 670); and Defendant Chunghwa Picture Tubes, Ltd.'s ("CPT") Motion for Summary Judgment of No Induced Infringement (Dkt. No. 673).

Innolux, CPT, and HannStar filed objections to the R&R. (Dkt. Nos. 725, 726, 728.) Plaintiffs Eidos Display, LLC and Eidos III, LLC ("Eidos") have filed responses. (Dkt. Nos. 743, 744, 745.) Having conducted a *de novo* review of Defendants' written objections, the Court concludes that the findings and conclusions of the Magistrate Judge should be and are **ADOPTED** and the objections thereto are **OVERRULED**.

## I. CPT Objections

In an earlier order, the Magistrate Judge excluded portions of a report by Mr. Cobb, Plaintiffs' damages expert, because the general statistics on indirect sales upon which he relied were unreliable. (Dkt. No. 713, at 11–12.) The Court has already overruled objections to that order. (Dkt. No. 751, at 2.) CPT now argues that it is entitled to summary judgment as a result of the ruling excluding portions of Mr. Cobb's report.

At this time, the Court finds no basis to affirmatively limit liability in this case to specific third-parties. To the extent Mr. Cobb employs the same unreliable techniques to prove acts of indirect infringement, such testimony will not be allowed. Mr. Cobb, however, is not barred from testifying based on admissible circumstantial evidence. *Tinnus Enterprises, LLC v. Telebrands Corp.*, 846 F.3d 1190, 1204 (Fed. Cir. 2017) (concluding that "[a] patentee is entitled to rely on circumstantial evidence to establish infringement" and collecting cases). Accordingly, the Court **ADOPTS** the R&R of the Magistrate Judge as the findings of this Court. All objections are **OVERRULED**; however, CPT's motion for summary judgment (Dkt. No. 673) is **DENIED**.

It is further **ORDERED** that Plaintiffs file a copy of Mr. Cobb's supplemental report with the Court upon its service in compliance with the Court's existing orders. Such may be filed under seal.

## II. HannStar's Objections

HannStar objects to the Magistrate Judge's R&R for two reasons: (1) that the Magistrate Judge refused to grant partial summary judgment when the only U.S. sales identified were by Best Buy and Hannspree and (2) that the Magistrate Judge refused to grant partial summary judgment where there was no evidence of a "successful communication" from HannStar to any third party other than Hannspree. (Dkt. No. 728, at 3.)

### A. Partial Summary Judgment on Specific Sales

In its original motion for summary judgment, HannStar asked the Court to grant "summary judgment that it has not actively induced infringement of the '958 patent because Eidos has identified no evidence that any units were imported into the United States and that HannStar actively induced their importation . . . ." *See* (Dkt. No. 670 at 7.) In light of the Magistrate Judge's R&R, HannStar now asks the Court for narrower relief. *See* (Dkt. No. 728 at 1-2 ("HannStar respectfully requests the Court limit the trial in this case to only those instances of direct infringement identified in Eidos's opposition, namely, the alleged direct infringement by Best Buy and Hannspree.").) Such a limitation would be improper here where both direct and circumstantial evidence exists with respect to third parties other than Hannspree. (Dkt. No. 711 at 14 (citing several examples of direct and circumstantial evidence).)

The Court has considered those cases principally relied on by HannStar, *Dynacore* and *Largan*, and finds they do not suggest a different result. *Dynacore* simply holds that inducement liability requires specific instances of direct infringement. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1276–77 (Fed. Cir. 2004). Similarly, in *Largan*, summary judgment was appropriate where there was no evidence of direct infringement. *Largan Precision Co. v. Genius Elec. Optical Co.*, 646 F. App'x 946, 949 (Fed. Cir. 2016). However, as the Magistrate Judge correctly found here, there is direct and circumstantial evidence of sales of accused HannStar products in the United States by third parties that constitute specific alleged acts of direct infringement. *Tinnus*, 846 F.3d at 1204 (Fed. Cir. 2017).

### B. Partial Summary Judgment on "Successful Communications"

Finally, as to evidence of "successful communications" on inducement, the Court agrees with the Magistrate Judge that a triable question of fact exists with respect to the alleged conduct.

Accordingly, the Court **ADOPTS** the R&R of the Magistrate Judge as the findings of this Court. All objections are **OVERRULED** and HannStar's motion for summary judgment (Dkt. No. 670) is **DENIED**.

### III.     Innolux's Objections

Innolux objects to the Magistrate Judge's findings by arguing that the specific documents upon which the Magistrate Judge relied do not show that an accused Innolux product was imported into the United States. (Dkt. No. 726, at 4.) This objection is without merit. The Magistrate Judge correctly found that sufficient evidence of acts of direct infringement exists, thus precluding summary judgment on the claims of indirect infringement. *See* (Dkt. No. 711 at 7–9 (citing, *e.g.*, Best Buy sales of accused Innolux products in the United States and Dell sales of accused products from shipments to North America constitute direct evidence of an infringing act by a third party—Doc. Nos. 685-52, 685-53).)

Innolux also objects to the Magistrate Judge's consideration of the fact that LG Display never accused Innolux of infringement as well as a letter asking Innolux to evaluate the relationship between the '958 Patent and its LCD module. (Dkt. No. 726, at 4.) The Magistrate Judge found that the evidence in the record indicated that "many years prior to receiving the patent from LG Display, Innolux was specifically asked to evaluate the relationship between the '958 Patent and its LCD modules." (Dkt No. 711, at 11.) The Court agrees with the Magistrate Judge that this evidence raises a triable question of fact as to whether Innolux had the requisite knowledge for induced infringement.

Accordingly, the Court **ADOPTS** the R&R of the Magistrate Judge as the findings of this Court. All objections are **OVERRULED** and Innolux's motion for summary judgment (Dkt. No. 669) is **DENIED**.

**So ORDERED and SIGNED this 12th day of May, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE